**SIGNED this 01 day of September, 2005.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF TEXAS
                     AUSTIN DIVISION
IN RE:                         )
                               )
CURTIS W. BOYLES               ) CASE NO. 04-16499-FM
CARRIE K. BOYLES               ) (Chapter 7)
              DEBTORS          )
```

### MEMORANDUM OPINION

The Court held a hearing on the Debtors' Motion for Sanctions against South Texas Supply Company, Inc., the Law Offices of Paul J. Tarski, Attorney Liza Toombs and the Honorable Donna S. Rayes on August 23, 2005. As this is a matter arising under 11 U.S.C. §362(h), it is a core proceeding under 28 U.S.C. §157(b)(1) and (2). The Court, therefore, has the jurisdiction to enter a final order under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and(b), 28 U.S.C. §151 and the Standing Order of Reference of all bankruptcy matters from the United States District Court for the Western District of Texas.

At the conclusion of the hearing, the Court made certain Findings of Fact and Conclusions of Law ultimately determining that South Texas Supply Company, Inc., the Law Offices of Paul J.

Tarski, and Attorney Liza Toombs had wilfully violated the stay imposed by 11 U.S.C. §362. The Honorable Donna S. Rayes had been dismissed previously from the proceeding. The Court retained for review the amount of attorney's fees to be awarded. The Court ruled that actual damages were appropriate but punitive damages were not under these circumstances.

As an additional Finding of Fact, the Court herein finds that the demand by Liza Toombs as the agent of the Law Offices of Paul J. Tarski and as counsel for South Texas Supply Company, Inc. for payment of $1,700.00 from Curtis W. Boyles in order to assist in his release from jail violated the stay because such $1,700.00 payment would have reduced the amount of the judgment he personally owed to South Texas Supply Company, Inc. by such $1,700.00.

The Court has reviewed the fee application and finds that an excessive amount of time was spent on research and that the inclusion of the Honorable Donna S. Rayes as a respondent was needless and without any reasonable justification under the facts of the case and in light of the law of judicial immunity that exists in the State of Texas. Additionally, there were too many people working on this rather simple matter. In specific, the Court allows the fees attributable to the services of Kell Mercer rendered on December 27, 2004 in getting Mr. Boyles out of jail in the amount of $877.50. The Court allows the time of Mr. Lynn Butler on December 27, 2004 resulting in fees in the amount of $720.00 and on December 28, 2004 resulting in fees in the amount of $450.00. The time spent in January 2005 is excessive and is reduced to a lump sum of $2,500.00. The time spent in March 2005

is excessive and is reduced to the amount of $850.00. The amount of $1,000.00 is granted for bringing the matter to trial. The full amount of the attorneys fees damages assessed against South Texas Supply Company, Inc., the Law Offices of Paul J. Tarski and Attorney Liza Toombs are, therefore, $6,397.50.

This amount is in addition to the loss of income damages contained in the Court's oral Findings of Fact rendered at the end of the trial in the amount of $850.00.

An order of even date will be entered herewith.

###

Copy to:

Lynn Hamilton Butler
Counsel for Debtors
FAX 512/479-1101

James S. Wilkins
Counsel for Respondents
FAX 210/271-9389